# Necheles Law, LLP

1120 Avenue of the Americas
New York, NY 10036



Susan R. Necheles
srn@necheleslaw.com
212-997-7400

September 29, 2023

**VIA ECF**
The Hon. Judge Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Martin Handler, et al.*, No. 23-CR-004 (JHR)

Dear Judge Rearden:

We represent Martin Handler and write jointly with counsel for his brother Isidore Handler. We write to respectfully request a temporary modification to Isidore and Martin's conditions of release to allow them to travel to Israel for approximately 48 hours to attend their father's burial. Messrs. Handlers' father passed away in New York early this morning and is scheduled to be buried in Israel on Monday, October 2. We have consulted with Pretrial Services and the Government. Pretrial Services takes no position on these requests and the Government opposes them.

As Your Honor knows, on September 6, 2023, Isidore Handler pleaded guilty, pursuant to a plea agreement, on a superseding information, to a single count of violation of 18 U.S.C. 371 in connection with falsifying records to impede an investigation of a government agency in violation of 18 U.S.C 1519. The charges against Martin Handler are still pending, although there have been discussions with the government about a possible pre-trial resolution to his case.

Under the terms of his bail conditions, Isidore is restricted to the Southern and Eastern Districts of New York and the District of New Jersey, Dkt. No. 13, while Martin is allowed to travel to those Districts and the Southern District of Florida. Dkt. No. 14. The Handlers wish to fly to Israel late Sunday night (October 1) to accompany their father's body, attend the burial, and then return home to mourn in the United States with their families. If the Court grants this request, both of the Handlers' wives will remain in the United States, as well as Isidore's three minor children (ages 8, 13, and 17; Martin no longer has any minor children). Both of the Handlers are extremely devoted to their families and would under no circumstances abandon them; there is simply no flight risk in this case. They make this request only so that they can accompany their father to his final resting place.

The Handler's father suffered a stroke over two years ago and had been suffering from related complications since then, but his passing at this time – the night before the start of the Jewish holiday of Sukkot – was both unexpected and tragic. Although the Handlers and their family will mourn in the United States, it is a sacred tradition of many Orthodox Jews to be

Necheles Law, LLP

buried in Israel. The deceased's lifelong wish of being buried in Israel will be followed by his family in any event; therefore, if the Court were to deny this request, Isidore and Martin would miss their father's funeral and burial.

During extenuating circumstances such as the one here, courts in this district have permitted international travel for indicted defendants. For example, in *United States v. Huberfeld,* No. 16-CR-467 (S.D.N.Y. 2017), the defendant was charged with federal bribery and honest-services fraud resulting in alleged losses of over $20 million. When the defendant's father passed away, the district court modified his conditions of release to allow him to travel to Israel for the burial, and, a few months later, allowed him to travel to Israel a second time for a memorial service, despite the Government's objection to the latter request. *Id.* ECF Nos. 65, 140. *See also United States v. Galanis*, 16-CR-371 (S.D.N.Y. 2018), ECF No. 62 (granting request to travel to Latvia with his wife, despite Government objection); *United States v. Smilovitz*, 16-CR-818 (S.D.N.Y. 2019), ECF No. 144 (allowing defendant to travel to Ukraine to spend Rosh Hashana at the grave of a non-family 18th century rabbi); *United States v. Kubitschuk*, 16-CR-711, ECF No. 37 (S.D.N.Y. 2017) (permitting defendant to travel to Europe to commemorate the anniversary of his great-great grandfather's death).

In addition to the extenuating circumstances, the character and history of both Mr. Handlers make them a good candidate for a temporary modification of release. Neither has any prior convictions and both have, as we have been respectively advised by their pre-trial officers, abided by the rules of their release in full. Furthermore, as explained above, they do not pose any flight risk.

We therefore request that the Court so-order this letter motion and allow the temporary return of both Isidore and Martin's passports and allow them to travel to Israel from the evening of October 1 until the morning of October 4.

Justine Harris and Raphael Friedman, counsel for Isidore Hander, join this letter motion in full. We appreciate the Court's consideration.

Application GRANTED. On the conditions set forth below, bail is modified to permit Defendants M. Handler and I. Handler ("Defendants") to travel to Israel from the evening of October 1, 2023 to the morning of October 4, 2023 solely to attend their father's burial.

Defendants shall provide the Government and Pretrial Services with their complete travel itineraries prior to departing, and shall report daily to Pretrial Services during their trip. Defendants' respective passports shall be returned to them for the purpose of this trip only, and shall be re-surrendered upon their return.

All other previously imposed bail conditions shall remain in place.

The Clerk of Court is directed to terminate ECF No. 146.

SO ORDERED.

*Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Date: September 29, 2023

Respectfully submitted,

/s/

NechelesLaw LLP
Susan R. Necheles
Gedalia M. Stern

2