UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          -v.-<br><br>ARIE RANGOTT,<br><br>                    Defendant. | 23 Cr. 004 (JHR)<br><br>MEMORANDUM OPINION &<br>ORDER |

JENNIFER H. REARDEN, District Judge:

Defendant Arie Rangott is on trial on charges of conspiracy to defraud the United States, conspiracy to falsify documents and records, and conspiracy to obstruct an agency proceeding. ECF No. 291. Before the Court are two motions *in limine*. The Government moves to admit evidence concerning a whistleblower retaliation complaint against Project Social Care Head Start, Inc. ("PSCHS"), and to preclude evidence and argument that the presence of attorneys is relevant to Rangott's intent. ECF No. 298. Rangott opposes the Government's motions. For the reasons set forth below, the Government's motions are GRANTED.

## I. BACKGROUND

On September 12, 2023, the Government filed superseding indictment S6 23 Cr. 004. That same day, Rangott was arrested and arraigned on the S6 Indictment.

On May 29, 2024, the Government filed superseding indictment S8 23 Cr. 004 charging Rangott in three counts. ECF No. 291. Count One charges Rangott with conspiring, from at least in or about 2019 through in or about January 2023, to defraud the United States by obstructing the function of the U.S. Department of Health and Human Services ("HHS") to administer the federal Head Start program, in violation of 18 U.S.C. § 371. Count Two charges Rangott with conspiring, in or about December 2021, to submit a letter to HHS that falsely denied allegations of wrongdoing by Rangott and others concerning the operation of a Head Start

program at PSCHS, in violation of 18 U.S.C. § 371.  Count Three charges Rangott with

conspiring, from in or about August 2022 through in or about September 2022, to obstruct an

investigation by the Office of the Inspector General of HHS ("HHS OIG") concerning

whistleblower retaliation at PSCHS, in violation of 18 U.S.C. § 371.

The Government and Rangott have both filed motions *in limine* seeking advance rulings

on numerous evidentiary matters.  *See* ECF Nos. 298, 302.  At the final pretrial conference on

July 10, 2024, the Court announced its rulings on nine of the then-pending *in limine* motions, and

heard argument on the remaining fully briefed motions.

## II.  LEGAL STANDARD

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to

rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are

definitely set for trial, without lengthy argument at, or interruption of, the trial."  *United States v.*

*Schulte*, No. 17 Cr. 548 (PAC), 2020 WL 264687, at *1 (S.D.N.Y. Jan. 17, 2020) (quoting

*Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).  "The decision whether to grant an *in*

*limine* motion 'resides in a district court's inherent and discretionary 'authority to manage the

course of its trials.'"  *United States v. Phillips*, No. 22 Cr. 138 (LJL), 2023 WL 6620146, at *3

(S.D.N.Y. Oct. 10, 2023) (quoting *United States v. Ray*, No. 20 Cr. 110 (LJL), 2022 WL 558146,

at *1 (S.D.N.Y. Feb. 24, 2022)).  "Evidence should not be excluded on a motion *in limine* unless

such evidence is clearly inadmissible on all potential grounds."  *United States v. Shin*, No. 19 Cr.

552 (JPC), 2022 WL 153184, at *3 (S.D.N.Y. Jan. 15, 2022) (citation omitted).  "Courts

considering a motion *in limine* may reserve judgment until trial so that the motion is placed in

the appropriate factual context."  *Id.*  "'Upon such a motion, the Court is called upon "to make a

preliminary determination on the admissibility of the evidence.'"  *United States v. Barnwell*, No.

2

15 Cr. 620 (NSR), 2017 WL 1063457, at *1 (S.D.N.Y. Mar. 20, 2017) (quoting *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 467 (S.D.N.Y. 2005).

### III. DISCUSSION

**1. Whistleblower Retaliation Complaint Against PSCHS**

The Government moves to admit evidence about the whistleblower complaint investigated by HHS OIG. Specifically, the Government seeks to offer evidence that (1) in June 2022, an individual ("Individual-1") filed a complaint alleging retaliation by PSCHS after raising concerns that Rangott's co-defendant, Menachem Lieberman, had defrauded and engaged in theft concerning Head Start funds; and (2) during the course of HHS OIG's investigation, Individual-1 shared with HHS OIG that PSCHS personnel were aware of details about HHS OIG's investigation and pressured Individual-1 to withdraw the whistleblower complaint. The Government represents that it intends to offer this evidence not for its truth, but rather for the limited purposes of "explain[ing] Rangott's motive and to avoid unnecessary confusion by the jury in understanding the full story surrounding and providing context for Rangott's course of conduct." ECF No. 298 at 24.

"To be relevant, evidence need only tend to prove the government's case, and evidence that adds context and dimension to the government's proof of the charges can have that tendency." *United States v. Gonzalez*, 110 F.3d 936, 941 (2d Cir. 1997). Such evidence "may be admitted to show, for example, the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed." *United States v. Coonan*, 938 F.2d 1553, 1561 (2d Cir. 1991).

Evidence that Rangott was attempting to influence HHS OIG's investigation into Individual-1's complaints is "probative of [Rangott's] motive, and the intensity of that motive."

3

*United States v. Willoughby*, 860 F.2d 15, 24 (2d Cir. 1988).  To wit, that evidence may provide

"context and dimension to," *Gonzalez*, 110 F.3d at 941, *inter alia*, Rangott's alleged actions in

connection with the HHS OIG interview of a co-conspirator ("CC-2"), so as "to complete the

story of the crime on trial," *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000); *see, e.g.*,

*United States v. PG&E*, 178 F. Supp. 3d 927, 942 (N.D. Cal. 2016) ("It would be exceedingly

difficult for a jury to determine the *mens rea* of [the defendant's] obstructive actions without

knowing the nature of the investigation and the potential consequences of an adverse finding by

the [regulatory body], which would provide a strong motivation for obstruction.").

Accordingly, the Government's motion *in limine* is granted.  It may introduce the above-

described evidence concerning the whistleblower complaint, for the limited non-hearsay

purposes specified by the Government.  The Court will consider "an appropriate limiting

instruction to the jury, if one is requested" by Rangott.  *United States v. Mickens,* 926 F.2d 1323,

1328 (2d Cir. 1991).

### 2. Presence of Counsel

The Government moves to preclude Rangott from "suggesting to the jury that the

involvement of attorneys in certain decision-making demonstrates that he lacked criminal

intent," absent a "formal advice of counsel defense."  ECF No. 298 at 30.  Rangott has

disclaimed any intention to assert such a defense.

To benefit from a so-called presence-of-counsel defense, "a party must show that he (1)

'honestly and in good faith' sought the advice of counsel; (2) 'fully and honestly laid all the facts

before his counsel'; and (3) 'in good faith and honestly followed' counsel's advice, believing it

to be correct and intending that his acts be lawful."  *United States v. Colasuonno*, 697 F.3d 164,

181 (2d Cir. 2012) (alterations omitted) (quoting *Williamson v. United States*, 207 U.S. 425, 453

(1908)).  "Courts in this district have been reluctant to permit the defense to pursue a 'presence-of-counsel' defense without requiring the defendant to meet the [aforementioned] criteria," *United States v. Gillier*, 11 Cr. 409 (PAE), Tr. at 15 (S.D.N.Y. July 5, 2022), finding that "any probative value of such references is substantially outweighed by the danger of undue prejudice to the [opposing party]," *S.E.C. v. Lek Sec. Corp.*, No. 17 Civ. 1789 (DLC), 2019 WL 5703944, at *4 (S.D.N.Y. Nov. 5, 2019).  "Specifically, such evidence risks suggesting to the jury that, because lawyers were involved to some degree with one aspect of events, the defendant was entitled to conclude that he was acting within the law with respect to some other aspect of events." *United States v. Bankman-Fried*, No. 22 Cr. 0673 (LAK), 2024 WL 477043, at *3 (S.D.N.Y. Feb. 7, 2024).  "This misunderstanding would give the defendant all of the essential benefits of an advice of counsel defense without having to bear the burden of proving any of the elements of the defense."  *S.E.C. v. Tourre*, 950 F. Supp. 2d 666, 684 (S.D.N.Y. 2013).

The concerns set forth above are "squarely implicated here," *Gillier*, 11 Cr. 409 (PAE), Tr. at 16, where Rangott is not purporting to assert a presence-of-counsel defense—nor could he. Among other unsatisfied requirements of such a defense, Rangott does not claim that he "fully and honestly laid all the facts before his counsel," *Colasuonno*, 697 F.3d 164 at 181, including the "less-than-arm's-length dealing by Lieberman that is at the heart of Rangott's [alleged] false statements and obstruction," ECF No. 378 at 2.  Accordingly, "any probative value of such references [to Law Firm-1's involvement] would be substantially outweighed by the danger of undue prejudice to the [Government], . . . and the risk that such references would sow confusion and mislead the jury by suggesting that [Law Firm-1], fully informed of [the facts and circumstances prompting the HHS OIG investigation], approved" the December 2021 letter with that information in hand.  *Lek Sec. Corp.*, 2019 WL 5703944, at *4; *see, e.g.*, *Tourre*, 950 F.

Supp. 2d at 684 ("In light of the [fact] . . . that [defendant] does not claim that he ever provided all of the relevant information to counsel, . . . it would be irrelevant, misleading, or both to emphasi[ze] the presence of counsel.").

Disclaiming reliance on a presence-of-counsel defense, Rangott maintains that he "will not cite the mere presence of lawyers at meetings as a reason to establish his good intent," but rather to show "the *active* involvement of lawyers" in, *inter alia*, drafting the December 2021 letter to HHS. ECF No. 333 at 18 (emphasis in original). By way of example, Rangott "expects the evidence to show that he neither wrote the letter nor had final authority over its form and content," and instead that it "was written by lawyers based on information provided by people other than Mr. Rangott." *Id.* However Rangott attempts to characterize or label his argument, its practical effect is indistinguishable from a presence-of-counsel defense: "A lay jury could easily believe that the fact that a lawyer [reviewed the December 2021 letter] means that he or she must have implicitly or explicitly 'blessed' the legality of all aspects of" the letter and surrounding circumstances. *Cf. Tourre*, 950 F. Supp. 2d at 683-84 (rejecting defendant's claim that "while he d[id] not intend to pursue an advice of counsel defense, he d[id] intend to argue that . . . . the presence of lawyers [wa]s relevant to the overall context of the transaction," reasoning that this constituted "such a fine-grained distinction from a reliance on counsel defense, that it would likely confuse the jury"). In sum, the Court finds that "the capacity of this evidence to confuse the jury and unfairly prejudice the Government [would] substantially outweigh [its] probative value" and compels its preclusion pursuant to Rule 403. *United States v. Gillier*, 11 Cr. 409 (PAE) (S.D.N.Y. Aug. 5, 2022), at 1.

Accordingly, the Government's motion to preclude argument and evidence concerning the presence or involvement of lawyers is granted.[1]

SO ORDERED.

Dated: July 19, 2024
      New York, New York

                                   JENNIFER H. REARDEN
                                   United States District Judge

---

[1] For the avoidance of doubt, the Court will not prohibit reference to the fact "that lawyers were involved in drafting the December 2021 letter." ECF No. 344 at 9.