UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v.-<br><br>ARIE RANGOTT,<br><br>                        Defendant. | 23 Cr. 004 (JHR)<br><br>MEMORANDUM OPINION & ORDER |

JENNIFER H. REARDEN, District Judge:

This Memorandum Opinion and Order was read into the record on July 24, 2024.

\*\*\*

Defendant Arie Rangott is on trial in connection with his alleged participation in several conspiracies to obstruct the functions of the U.S. Department of Health and Human Services ("HHS"). Count One charges Rangott with conspiring, from at least in or about 2019 through in or about January 2023, to defraud the United States by obstructing the function of HHS to administer the federal Head Start program, in violation of 18 U.S.C. § 371. Count Two charges Rangott with conspiring, in or about December 2021, to submit a letter to HHS that falsely denied allegations of wrongdoing by Rangott and others concerning the operation of a Head Start program at Project Social Care Head Start, Inc. ("PSCHS"), in violation of 18 U.S.C. § 371. Count Three charges Rangott with conspiring, from in or about August 2022 through in or about September 2022, to obstruct an investigation by the Office of the Inspector General of HHS ("HHS OIG") concerning whistleblower retaliation at PSCHS, in violation of 18 U.S.C. § 371.

The Government intends to question Tanesha Peralta, a program specialist from HHS's Office of Head Start. In that capacity, Peralta was charged with reviewing PSCHS's grant applications and addressing "anonymous complaints [submitted to the Office of Head Start] in December 2021 about, among other topics, less-than-arm's length dealings between [PSCHS] and

Menachem Lieberman." ECF No. 392 at 1; ECF No. 393 at 1. The Government represents that Peralta's "anticipated testimony [] will include simple background facts . . . about the Head Start program and how misrepresentations made as part of the charged conspiracies affected her ability to carry out her duties as an employee of the Office of Head Start." ECF No. 392 at 1. Rangott contends that Peralta's anticipated testimony will opine on "the meaning of the law and its applicability to facts to be decided by the jury," which "improperly invades the province of both the judge and the jury." ECF No. 391 at 1. The Government disputes Rangott's characterization of Peralta's testimony and the topics on which she may be questioned. ECF No. 393.

## DISCUSSION

The parties do not dispute that Peralta is a lay witness. As a lay witness, Peralta "may testify to matters as to which [she] ha[s] personal knowledge." *United States v. Scali*, No. 16 Cr. 466 (NSR), 2018 WL 543584, at *2 (S.D.N.Y. Jan. 23, 2018) (citing Fed. R. Evid. 602). She "may also offer opinion testimony when it is: (1) 'rationally based on the witness's perception'; (2) 'helpful to clearly understanding the witness's testimony or to determining a fact in issue'; and (3) 'not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.'" *Id.* (quoting Fed. R. Evid. 701). Peralta's testimony, at bottom, is to be "based solely on [her] personal knowledge of [HHS] and the Defendant's actions." *Id.* at *3.

In accordance with the above standards and applicable authorities on this issue, Peralta will be permitted to testify about her receipt and handling of the anonymous complaints sent to her office about PSCHS in December 2021. Such testimony may include her general duties in reviewing applications for grant funds by PSCHS and her related oversight activities as they pertain to PSCHS; her preparation and submission of the December 7, 2021 letter from HHS to PSCHS; and her receipt and review of PSCHS's December 21 response letter. *See id.* (permitting

2

testimony from lay witness[es] "describing their personal accounts of the Defendant's actions").

In addition, Peralta may testify about her responsibilities as a program specialist at HHS (to the extent those responsibilities are relevant to the case at bar), including the legal framework within which she carries out those responsibilities. Specifically, her testimony may "include descriptions of [HHS's] Rules [and regulations] governing [the Head Start program]"—insofar as that testimony is "based on h[er] personal knowledge" acquired at HHS—and may "also include descriptions of" her duty to ensure that grant recipients are adhering to those rules and regulations. *Id.* at *3-4. To that end, Peralta may testify—strictly based on her personal knowledge and experience—about the scope of her review of grant applications, including the factors and considerations guiding her review, and about her process for addressing complaints raised in regard to grant applications. *See* ECF No. 391 at 1-2 (enumerating proposed topics for Peralta's testimony). In so testifying, however, Peralta "will not be [permitted to] opin[e] on the propriety or impropriety of the Defendant's conduct at issue," *Scali*, 2018 WL 543584, at *3, including whether Rangott or anyone else violated HHS's rules and regulations, much less whether any such purported conduct constitutes a crime or whether Rangott is or is not guilty.

Finally, Peralta may testify about "the fact of what [she] did not know and how, if [she] had known that independently established fact, it would have affected [her] conduct or behavior"—that is to say, she may be asked to answer certain hypothetical questions. *See United States v. Cuti*, 720 F.3d 453, 459 (2d Cir. 2013). The fact that such hypothetical testimony frequently has been permitted in securities cases for purposes of establishing materiality does not preclude the use of such questioning here. *See, e.g.*, *In re: Dickinson of San Antonio, Inc.*, No. 19 Civ. 1237 (XR), 2021 WL 3500781, at *9-10 (W.D. Tex. Aug. 9, 2021); *cf. United States v. Ranney*, 719 F.2d 1183, 1188 (1st Cir. 1983).

3

Having said that, the use of hypothetical questioning during Peralta's examination shall be circumscribed by the "limitations" articulated in *Cuti*. Specifically, any and all questioning and testimony must be strictly "limited" by the following: first, "the factual foundation laid in earlier admitted testimony and exhibits [or, in accordance with the parties' agreement, in a later-laid factual foundation]"; second, "the factual nature of the hypotheticals"; and third, "[Peralta's] reasoning . . . based on the [governing] rules." *Cuti*, 720 F.3d at 458. Such "limitations [will] le[ave] little room for [Peralta] to engage in speculation and ensure[] that [her] testimony f[a]ll[s] near the fact end of the fact-opinion spectrum." *Id.*

Provided that those limitations are carefully adhered to, the Court will permit hypotheticals of the kind contemplated by the Government, including:

- If you had known that this meeting did not occur, would that have been relevant to you? Why would it have been relevant to you?

- In connection with the December 2021 letter, if you had known that Menachem Lieberman had in fact paid to control half of PSCHS in 2019, would that have been relevant to your understanding in the steps you took in reviewing the letter?

To the extent that a question does not adhere to the aforementioned limitations, the Court will preclude further testimony on that question and any related questioning, and as necessary, will issue a curative instruction. The Court will also consider a limiting instruction from Rangott, should one be requested. *See, e.g.*, *United States v. Kurland*, No. 20 Cr. 306 (NGG), 2022 WL 2669897, at *9 (E.D.N.Y. July 11, 2022).

SO ORDERED.

Dated: July 24, 2024
New York, New York

                                                              JENNIFER H. REARDEN
                                                              United States District Judge